**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4865**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS M. HODGES,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (CR-03-364)

———————————

Submitted: May 25, 2005          Decided: July 11, 2005

———————————

Before LUTTIG, KING, and SHEDD, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

John K. Wiles, CHESIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas M. Hodges pled guilty to nine counts of mail fraud, in violation of 18 U.S.C. § 1341 (2000), ten counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1) (2000), and one count of embezzlement of an insurance premium, in violation of 18 U.S.C. § 1033(b)(1) (2000). Hodges was sentenced to 58 months' imprisonment on each count to run concurrently, followed by a term of two years of supervised release on each count to run concurrently.

On appeal, Hodges does not challenge his conviction. He does, however, argue that the district court erred in treating the United States Sentencing Guidelines as mandatory and that an enhancement to his sentence for abuse of a position of trust under the federal Sentencing Guidelines was based on judicial fact-finding in violation of United States v. Booker, 125 S. Ct. 738 (2005).[1] We agree. While we affirm Hodges' conviction, we vacate his sentence and remand the case for resentencing in accordance with Booker.[2]

---

[1]Hodges preserved the issues for appeal by raising them in the district court.

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hodges' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of the appeal").

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.[3]

---

[3]Hodges and the Government agree that the district court is not bound by the alternative sentence it previously announced in accordance with our opinion in United States v. Hammoud, 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005), and vacated and remanded, ___ F. 3d ___, 2005 WL 975119 (4th Cir. Apr. 27, 2005) (en banc).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
